UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHASE BANK USA, N.A., ) | |
| ) | |
| Plaintiff, ) | Case No. 2:07-cv-00975-ECR-GWF |
| ) | |
| vs. ) | **ORDER, REPORT AND** |
| ) | **RECOMMENDATION** |
| NAES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Emergency Motion to Compel Discovery Responses and Request for Sanctions (#121), filed on March 4, 2010; Defendant Stellar Services Group's Opposition to Emergency Motion to Compel Discovery Responses (#124), filed on March 11, 2010; and Plaintiff's Reply to Stellar Services Group's Opposition to Emergency Motion to Compel Discovery Responses (#125), filed on March 11, 2010. The Court conducted a hearing in this matter on March 16, 2010 at which time it took the motion under submission.

**BACKGROUND**

Plaintiff Chase Bank USA, N.A.'s (hereinafter "Chase") First Amended Complaint (#64) filed on March 19, 2009 alleged that Defendant NAES, Inc. (hereinafter "NAES") operated a fraudulent scheme which, in exchange for a fee, educated credit card customers how to eliminate or substantially reduce their credit card debt without paying it. As part of the alleged scheme, NAES provided customers with form letters and civil complaints that the customers were advised to use in challenging the credit card obligations. According to Chase, NAES's advice to customers was based on the false assertion that credit card debts are not legally enforceable for various reasons and credit card customers are not obligated to pay their credit card debt. As part of the fraudulent

scheme, NAES advised the customers to charge its service fee to their credit cards which they would never actually have to pay. Chase alleges that the customers who followed NAES's advice generally ended up deeper in debt with severely damaged credit scores.

Chase alleges that NAES operated the fraudulent scheme until its ostensible dissolution as a Nevada corporation in February 2008. NAES was succeeded by an entity known as Stellar Services Group ("Stellar") which was operated by Defendant Christopher Robinson, a resident of Minnesota. Chase further alleges that Defendant Theresa Lynn Matson was also a principal of Stellar Services Group and, together with Defendant Robinson, oversaw and directed Stellar's operations. Stellar allegedly engaged in the same fraudulent scheme that had previously been operated by NAES. Chase's First Amended Complaint seeks the entry of a preliminary and permanent injunction to enjoin Defendants from continuing to engage in the allegedly fraudulent scheme and for recovery of compensatory and punitive damages.

Following the service of the First Amended Complaint, Defendants Stellar and Matson filed motions to dismiss on May 26, 2009. On August 31, 2009, the Court entered a discovery plan and scheduling order. Chase thereafter served written discovery requests on Stellar and Matson. Defendants objected to Plaintiff's discovery requests on the grounds that they were not required to respond to discovery while their motions to dismiss were pending. Defendants also refused to appear for depositions. On October 8, 2009, Plaintiff filed a motion to compel Stellar and Matson to respond to discovery. The Court conducted a hearing on the motion to compel on November 16, 2009, but held its decision in abeyance based on the parties' representations that they were attempting to settle the case. *Minute of Proceedings (#112)*. The Court held a subsequent hearing on December 18, 2009 at which time it granted Plaintiff's motion to compel and ordered the Defendants to respond to Plaintiff's written discovery requests on or before February 1, 2010. *Minutes of Proceedings (#113)*. On January 8, 2010, the District Judge denied Defendants' motions to dismiss. *Order (#114)*.

On February 10, 2010, the Court ordered the parties to file a joint pretrial order by February 22, 2010. This prompted the parties to jointly request a status conference on the basis that they were still engaged in settlement discussions, but that additional time would be needed to complete

discovery if their negotiations were unsuccessful. *Joint Emergency Motion (#117)*. On February 18, 2010, the Court granted a 60-day extension of the discovery deadline. *Minutes of Proceedings (#119)*. On March 4, 2010, Chase filed the instant emergency motion to compel and request for sanctions after efforts to reach a settlement agreement ended. Chase noted that the Court had ordered Defendants to provide written discovery responses by February 1, 2010. Defendant Stellar provided "supplemental" discovery responses on February 10, 2010 in which it once again asserted a blanket objection to all discovery requests until the Court ruled on its pending motion to dismiss for lack of jurisdiction. *See Motion (#121)*, page 6. As Chase argued, the Court had already rejected this objection when it granted Chase's previous motion to compel on December 18, 2009. Moreover, the District Judge denied the motions to dismiss on January 8, 2010. Defendant Matson responded to Chase's discovery requests on February 4, 2010 by producing only one document and stating in response to most of the requests that she had no documents responsive to the requests. Plaintiff argued that Defendant Matson's responses were made in bad faith because documents discovered during the litigation showed that she is the "Managing Director" of Stellar Services Group and was also the person directing the actions of Stellar's counsel in objecting to discovery directed to that entity. During the hearing on March 16, 2010, Stellar's attorney also indicated that it had been his understanding that Stellar, to the extent it is an actual entity, was under the control of Ms. Matson.[1]

Following the March 16, 2010 hearing, Defendants Stellar and Matson again refused or failed to appear for depositions noticed by the Plaintiff. They also failed to further respond to written discovery. *See Plaintiff's Emergency Motion to Compel Discovery and Request for Sanctions (#129)*, filed on March 22, 2010. On March 18, 2010, Plaintiff served notice on Defendants Stellar and Matson of its intent to enter their defaults for their failure to answer the First Amended Complaint following the denial of their motions to dismiss on January 8, 2010. On March 19, 2010, Stellar's counsel filed an answer on Stellar's behalf. *See Answer (#128)*. On

---

[1] Stellar Services Group is apparently neither a corporation nor limited liability company established and authorized under any state's law. Instead, it is apparently a fictitious name for a sole proprietorship or partnership in which Ms. Matson participated.

March 24, 2010, Stellar's counsel filed a motion to withdraw from the case, citing as a basis for his motion Ms. Matson's statement during the March 16th hearing that she does not have authority to act on behalf of Stellar and did not know the identity of the person who did. *Motion to Withdraw (#130)*, p. 1. On March 30, 2010, Plaintiff filed a motion for entry of default against Defendant Matson because of her failure to answer the First Amended Complaint. The Court Clerk entered Defendant Matson's default on March 31, 2010. *Default (#133)*. On April 13, 2010, the Court granted the motion to withdraw filed by counsel for Defendant Stellar Services Group. The order stated that Stellar Services Group's legal status is unclear, but that if it is a corporation or limited liability company, it can only appear in federal court through licensed counsel. The Court gave Stellar until April 26, 2010 to inform the Court whether it will retain new counsel or represent itself in this action. *Order (#136)*. As of this date, neither Stellar Services Group nor any attorney acting on its behalf has responded to the Court's order.

On April 26, 2010, the Court conducted a hearing on Plaintiff's Emergency Motion to Compel Discovery and Request for Sanctions (#129). Shortly before the hearing, Defendant Matson contacted the deputy clerk and advised that she would not be participating in the hearing due to a family emergency. No one appeared on behalf of Stellar Services Group. Because Ms. Matson's default had already been entered in this case, the Court denied Plaintiff's request for case dispositive sanctions against Defendant Matson, without prejudice to Plaintiff renewing its motion for dispositive sanctions if the default against Ms. Matson is hereafter set aside. *Minutes of Proceedings (#137)*. The Court also stated that if Stellar failed to notify the Court by midnight April 26, 2010 that it intended to designate new counsel to represent it, then the Court would issue a Report and Recommendation recommending that its default be entered.

## **DISCUSSION**

Fed.R.Civ.Pro. 37(b)(2) provides that if a party fails to obey an order to provide or permit discovery, the court may make such orders in regard to the failure as are just, including rendering a judgment by default against the disobedient party. In regard to the severe sanction of dismissal or default, *Henry v. Gill Industries,* 983 F.2d 943, 948 (9th Cir. 1993) states:

. . .

> "Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."
> *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991) (citations and internal punctuation omitted).

The key factors are prejudice and the availability of lesser sanctions. *Henry,* 983 F.2d at 948, *citing Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990). For dismissal or default to be proper, the conduct to be sanctioned must also be due to willfulness, fault or bad faith by the losing party. *Henry*, 983 F.2d at 947-48, *citing Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985); *see also Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d 1051 (9th Cir. 1998); *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (applying same test under court's inherent power to sanction); and *Leon v. IDX Systems Corp.*, 464 F.3d 951 (9th Cir. 2006) (applying same test under court's inherent power to sanction). In deciding whether dismissal or default is warranted, the court may consider all of the offending party's discovery conduct. *Henry*, 983 F.2d at 947, *citing Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990). *Henry* further stated that "'disobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith or fault." *Id.,* 983 F.2d at 948, *citing Fjelstad ,* 762 F.2d at 1341.

In *Anheuser-Busch, Inc. v. Natural Beverage Distributors, Inc.*, 69 F.3d 337, 348 (9th Cir. 1995), the court held that plaintiff was prejudiced by defendant's failure to produce documents because it was forced to rely on incomplete and spotty evidence in presenting its financial analysis of the income that the defendant/counterclaimant derived from its distributorship. *Anheuser-Busch, Inc.,* 69 F.3d at 353-354. *Anheuser-Busch, Inc.* further states that there is a due process concern to the prejudice requirement. Due process requires that there exist a relationship between the sanctioned party's misconduct and the matters in controversy such that the transgression threatens to interfere with the rightful determination of the case. The court also noted that it has rejected the notion that a failure to comply with the rules of discovery is purged by belated compliance. *Id.*, 69 F.3d at 354.

5

In *Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d 1051, 1057 (9th Cir. 1998), the court stated that it is not always necessary for the court to impose less severe sanctions first, or to give any explicit warning of the dismissal sanction in order for the sanction of dismissal to be proper. The court stated:

> Like most elaborate multifactor tests, our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just. The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal proof. . . .
>
> The significance of warning is that a sanction may be unfair if the party could not have realized that it was in jeopardy of so severe a consequence if it was in error regarding its discovery posture. Rule 37 tells all lawyers and their clients that dismissal is possible if they violate discovery orders, and direct warnings or other circumstances may make it clear that it is a real risk of continued violation in the particular case.

The court further stated:

> What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations "threaten to interfere with the rightful decision of the case." *Adriana*, 913 F.2d at 1412. While contumaciousness toward the court needs a remedy, something other than case-dispositive sanctions will often suffice. Dismissal is appropriate where a "pattern of deception and discovery abuse made it impossible" for the district court to conduct a trial "with any reasonable assurance that the truth would be available." *Id.,* at 1057-58, *citing Anheuser-Busch, Inc.,* 69 F.3d at 352.

*Valley Engineers Inc.*, 158 F.3d at 1057-58.

In this case Defendant Stellar Services Group refused to respond to Plaintiff's discovery requests because of a pending motion to dismiss. The filing of a motion to dismiss does not automatically stay discovery and was not a valid basis for objection. Even after the Court granted Plaintiff's initial motion to compel Stellar to respond to written discovery, Stellar continued to object and refuse to provide discovery responses based on its pending motion to dismiss. Additionally, Stellar asserted this objection after its motion to dismiss was denied. Stellar also failed to produce a person to testify on its behalf at deposition. Defendant Stellar's complete refusal to provide discovery in compliance with the Court's order is sufficient to establish prejudice to the Plaintiff. In this case, Defendants Robinson and Matson allegedly continued to operate the

fraudulent scheme under the guise of the entity known as Stellar Services Group. Without any responses to discovery, it is difficult for Plaintiff to even determine Stellar's legal existence. The difficulty in obtaining necessary information was compounded by Defendant Matson's denial that she had any authority over the affairs of Stellar notwithstanding that she was identified in documents as Stellar's "Managing Director." As *Valley Engineers* states, Defendants' refusal to provide any discovery makes it impossible for the district court to conduct a trial with any reasonable assurance that the truth would be available.

This Court orally notified Stellar's counsel during the hearing on March 16, 2010 of the potential for the imposition of case dispositive sanctions. The Court subsequently granted Stellar's counsel's motion to withdraw and directed Stellar to advise the Court on or before April 26, 2010 whether it intends to designate new counsel or to attempt to further defend this action. Stellar did not respond to the Court's order. Nor did any counsel or representative for Stellar, including Ms. Matson, appear for the April 26, 2010 hearing on Plaintiff's subsequent Emergency Motion to Compel and for Sanctions (#129). Given Stellar's failure to comply with the Court's previous discovery order and the appearance that Stellar does not intend to further defend this action, imposition of a lesser sanction would not serve the purpose of obtaining Stellar's compliance with the Court's previous order. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion to Compel Discovery Responses and Request for Sanctions (#121) is **granted**, and

**IT IS HEREBY RECOMMENDED** that Defendant Stellar Service Group's Answer to the First Amended Complaint (#128) be stricken and that its default be entered.

### <u>NOTICE</u>

Pursuant to Local Rules IB 3-1 and 3-2, any objection to the Court's Order and/or its Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the

right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 4th day of May, 2010.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE