```
 1
 2
 3
 4                     UNITED STATES DISTRICT COURT
                            DISTRICT OF NEVADA
 5
 6
 7
   CHASE BANK USA, N.A.,              )   2:07-CV-975-ECR-GWF
 8                                    )
        Plaintiff,                    )
 9                                    )
   vs.                                )   Permanent Injunction
10                                    )
   NAES, INC., a Nevada Corporation;  )
11 MICHAEL FITZPATRICK, an individual;)
   STELLAR SERVICES GROUP, an         )
12 organization of unknown origin     )
   CHRISTOPHER ROBINSON, an           )
13 individual; THERESA LYNN MATSON, an)
   individual,                        )
14                                    )
        Defendants.                   )
15                                    )
   _____)
16
17      A permanent injunction shall be issued in this case against
18 Defendants Michael Fitzpatrick, Theresa Lynn Matson, Stellar
19 Services Group, and Naes, Inc. and in favor of Plaintiff Chase Bank
20 USA, N.A. ("Chase").  The injunction shall be issued for the reasons
21 stated in the order filed concurrently herewith.
22
23      **IT IS, THEREFORE, HEREBY ORDERED AND ADJUDGED** that Defendants
24 Micahel Fitzpatrick, Theresa Lynn Matson, Stellar Services Group,
25 and Naes, Inc., as well as their officers, agents, servants,
26 employees, and attorneys, and those persons in active concert or
27 participation with any of them or each of them, who receive actual
28
```

1 notice of this order by personal service or otherwise, are hereby
2 preliminarily enjoined and restrained:
3     (a) from advocating and assisting Chase cardholders to create
4 and assert bogus claims against Chase (and its current and former
5 affiliates) under the pretense of TILA;
6     (b) from advocating and assisting Chase's cardholders in
7 filing, entering, moving, or taking any such legal action in any
8 court of competent jurisdiction with regard to any bogus claims
9 against Chase under the pretense of TILA;
10     (c) from interfering in any way with any of Chase's
11 relationships with its cardholders;
12     (d) from any solicitation or contact with Chase cardholders;
13     (e) from issuing, publishing and/or otherwise disseminating any
14 forms to modify agreements between Chase and its cardholders, and
15 any instructions regarding the same;
16     (f) from advertising their "debt reduction educational
17 services," and any related services, directly or indirectly in
18 print, on the internet, through e-mail or in any other form of
19 communications, and from authorizing or allowing others to do so on
20 their behalf;
21     (g) from destroying any documents or data retention devices
22 containing information related to Chase and/or its cardholders; and
23     (h) from assisting, advising, or otherwise indirectly
24 participating with any of the foregoing.
25
26     **IT IS FURTHER ORDERED** that Defendants shall provide actual
27 notice of this injunction to their officers, agents, servants,
28

1 employees, and attorneys, and upon those persons in active concert
2 or participation with any of them or each of them.

5 DATED: August 23, 2010.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE

3