```
                    UNITED STATES DISTRICT COURT
                          DISTRICT OF NEVADA


CHASE BANK USA, N.A.,                )    2:07-CV-00975-ECR-GWF
                                     )
     Plaintiff,                      )    MINUTES OF THE COURT
                                     )
vs.                                  )    DATE: August 23, 2010
                                     )
NAES, INC., et al.,                  )
                                     )
     Defendants.                     )
_____)


PRESENT:      EDWARD C. REED, JR.                U. S. DISTRICT JUDGE

Deputy Clerk:    COLLEEN LARSEN       Reporter:     NONE APPEARING

Counsel for Plaintiff(s)              NONE APPEARING

Counsel for Defendant(s)              NONE APPEARING
```

<u>MINUTE ORDER IN CHAMBERS</u>

Plaintiff has filed a notice (#150) of the dismissal of Defendant Christopher Robinson without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  As such, the pending motion (#147) for entry of Clerk's Default as to Mr. Robinson will be denied.

We granted (#145) summary judgment in favor of Plaintiff with respect to Defendant Michael Fitzpatrick, and default has been entered against the remaining Defendants.  Plaintiff's motion (#148) for default judgment against Defendants Theresa Lynn Matson, Stellar Services Group, and Naes, Inc. was filed on July 29, 2010.  None of the Defendants have responded to the motion (#148), and they have therefore have consented to the granting of it.  <u>See</u> Local Rule 7-2.

The only documents filed by any Defendants since the filing of the motion for default judgment (#148) are a "Notice of Foreign Judgment" (#151) against Chase Bank and its attorneys, and a notice of "Registration of a Foreign Judgment" (#152), filed by Defendant Theresa Lynn Matson.  These documents, however, appear to be irrelevant to the present lawsuit, and do not require that we "dismiss with prejudice the case at hand against Defendant Theresa Lynn Matson," as she proposes.

 Plaintiff's motion for default judgment (#148) appears on its face to be facially well taken.  The exhibits attached to the motion (#148) provide an adequate evidentiary basis for the relief sought by Plaintiff, namely, a judgment in a total amount of $3,499,835.21.  Plaintiff has also demonstrated the appropriateness of injunctive relief: it has prevailed on the merits of its claims against the Defendants remaining in the case; if Defendants were to continue their fraudulent schemes, Plaintiff would be irreparably injured, because of the permanent damage to Plaintiff's reputation and business that such schemes cause; the balance of harms weighs heavily in favor of Plaintiff; the public interest lies in favor of issuing an injunction against any continuance of Defendants' activities at issue in this case.  An order with respect to the permanent injunction will be issued separately.

 **IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's motion for entry of clerk's default (#147) is **DENIED**.

 **IT IS FURTHER ORDERED** that Plaintiff's motion (#148) for default judgment against Defendants Theresa Lynn Matson, Stellar Services Group, and Naes, Inc., is **GRANTED**.

 The Clerk shall enter judgment in favor of Plaintiff and against Defendants Michael Fitzpatrick, Theresa Lynn Matson, Stellar Services Group, and Naes, Inc. in the amount of $3,499,835.21.

             LANCE S. WILSON, CLERK

             By     /s/     
                Deputy Clerk